GOLCONDA FIRE PROTECTION DISTRICT, Appellant, v. COUNTY OF HUMBOLDT, a Political Subdivision of the State of Nevada, Respondent.

No. 26906

June 24, 1996                                        918 P.2d 710

*Puccinelli & Puccinelli* and *Alvin R. Kacin,* Elko, for Appellant.

*R. Michael McCormick,* District Attorney, and *Kyle B. Swanson,* Deputy, Humboldt County, for Respondent.

## OPINION

*Per Curiam:*

On June 30, 1994, appellant Golconda Fire Protection District ("Golconda") filed a complaint against respondent County of Humboldt, a political subdivision of the State of Nevada ("Humboldt County"), alleging that Humboldt County wrongfully retained the interest earned on the taxes Humboldt County collected for Golconda. Golconda contended that Humboldt County improperly credited Golconda's earned interest to the county's general fund. The district court granted Humboldt County's motion to dismiss, finding that Humboldt County's decision to credit interest earned on Golconda's tax collections to the county's general fund was a discretionary act that is immune from challenge. For the reasons stated below, we reverse the district court's order dismissing Golconda's complaint and remand this case for an accounting.

### FACTS

Golconda was established as a fire protection district in Humboldt County on January 20, 1954. Pursuant to NRS 474.200, Humboldt County has levied and collected tax revenues for Golconda, and acted as custodian for those revenues, since 1954. On June 30, 1994, Golconda filed a complaint against Humboldt County, alleging that Humboldt County wrongfully retained the interest earned on the taxes Humboldt County collected on behalf of Golconda. Specifically, Golconda contended that Humboldt County, between 1954 and 1992, improperly credited the interest earned on Golconda's tax proceeds to the county's general fund.

On August 4, 1994, Humboldt County filed a motion to dismiss Golconda's complaint. Humboldt admitted that between 1954 and 1991 the accrued interest on Golconda's tax collections was "inadvertently appropriated" to Humboldt County's general fund. Since the 1991-92 fiscal year, all interest earned on Golconda's tax proceeds has been credited to Golconda and Humboldt County has charged Golconda $1,000.00 per year for auditing and accounting services. Prior to the 1991-92 fiscal year, such auditing and accounting services were provided to Golconda free of charge. On January 5, 1995, the district court dismissed Golconda's complaint, finding that Humboldt County's decision to credit interest earned on Golconda's tax collections to the county's general fund was a discretionary act that was protected by governmental immunity.

In this appeal, Golconda presents two issues. First, Golconda contends that the district court erroneously concluded that Humboldt County's crediting decision was protected by governmental immunity. Second, Golconda contends that Humboldt County's crediting decision violated Nevada's open meeting law. Because we reverse the district court's ruling based on Golconda's former contention, we do not address Golconda's latter contention in this opinion.

## DISCUSSION

Pursuant to NRS 41.031, the State of Nevada waived its immunity, and the immunity of all its political subdivisions, from liability and legal actions. However, NRS 41.032 establishes an exception to the waiver of immunity when an action is based on a state or political subdivision's exercise of a discretionary function. According to the district court, Golconda's complaint arose out of Humboldt County's exercise of a discretionary function that was authorized by NRS 355.170(5) and NRS 355.175.

*Authority provided by NRS 355.170(5)*[1]

The title of NRS 355.170 is "Authorized investments for counties, cities, and school districts; disposition of interest," implying a general grant of authority to counties for investing

---

[1]NRS 355.170(5) reads as follows:

> 5. Any interest earned on money invested pursuant to subsection 3, may, *at the discretion* of the board of county commissioners, the board of trustees of a county school district or governing body of the city, *be credited to the fund from which the principal was taken or to the general fund of the county,* school district or incorporated city.

(Emphasis added.)

money. However, NRS 355.170(5), the provision dealing with the use of interest earned on investments, applies only to investments made pursuant to NRS 355.170(3). Pursuant to NRS 355.170(3), a county may make an investment authorized by NRS 355.170(1)-(2) if the county commissioners believe "there is sufficient money in any fund *of the county*." NRS 355.170(3) (emphasis added). Accordingly, we conclude that the discretion granted to counties by NRS 355.170(5) only applies when the county is investing *its own* money.

Attorney General Opinion 493 reached a similar result. The attorney general concluded that NRS 355.170 confers authority to invest funds held by counties and cities and confers no authority for counties to act in any manner with respect to school funds or *interest thereon*. Op. Att'y Gen. No. 493 (February 27, 1968). Likewise, we conclude that NRS 355.170 did not confer authority to Humboldt County with respect to the apportionment of Golconda's tax proceeds and the interest earned thereon.

### *Authority provided by NRS 355.175[2]*

Pursuant to NRS 355.175(3), interest earned on investments made pursuant to NRS 355.175 may be credited at the discretion of the local governing unit. Golconda contends that NRS 355.175 does not convey any authority to counties for the investment of government funds, but instead extends the authority for investing government funds to governmental entities who were not provided such authority by NRS 355.170. We agree.

Pursuant to NRS 355.175(1), a local government or agency may direct its treasurer or appropriate officer to invest funds as allowed by NRS 355.168 or NRS 355.170. Counties already have that express authority in NRS 355.168 and NRS 355.170. *See*

---

[2]NRS 355.175 reads as follows:

    1.  The governing body of any *local government or agency,* whether or not it is included in the provisions of chapter 354 of NRS, may:

    (a) Direct its treasurer or other appropriate officer to invest its money or any part thereof in any investment which is lawful for a county, a school district or incorporated city pursuant to NRS 355.170; or

    (b) Allow a county treasurer to make such investments through a pool as provided in NRS 355.168.

    2.  In case of conflict, any order made pursuant to paragraph (a) of subsection 1 takes precedence over any other order concerning the same money or funds pursuant to subsection 5 of NRS 355.170.

    3.  *Any interest earned* from investments made pursuant to this section must be credited, at the *discretion of the local governing unit,* to *any fund under its control,* but the designation of the fund must be made at the time of investment of the principal.

(Emphasis added.)

NRS 355.168; NRS 355.170. Further, it is absurd to conclude that a county needs NRS 355.175(1)(b) to allow its own treasurer to make a pooled investment because NRS 355.168 expressly provides that "the county treasurer of any county may pool, for the purposes of investment, any money held by him." Therefore, we conclude that NRS 355.175 was enacted so that districts like Golconda, not Humboldt County, could invest government funds.

Accordingly, the district court erroneously ruled that Humboldt County made a discretionary decision in this case that was authorized by NRS 355.170(5) or NRS 355.175. Further, we conclude that the district court erred by dismissing Golconda's complaint based on the theory of governmental immunity.

### *Humboldt County's trustee duties*

The taxes collected by fire districts *must* be deposited into a county treasury and used *only* for fire protection purposes.[3] NRS 474.200(3); Op. Att'y Gen. No. 92-22 (August 26, 1992). We conclude that the use of interest earned on a fire district's tax proceeds is also encumbered by the restrictions contained in NRS 474.200(3). *See generally* NRS 387.195(3) (requiring interest earned on school tax funds to be credited to the school district fund). Further, we conclude that a constructive trust was created by NRS 474.200, placing fiduciary duties on Humboldt County to administer the taxes collected on behalf of Golconda. *See John N. Pomeroy, Equity Jurisprudence,* § 991-92, § 1067 (5th ed. 1941) (hereinafter "Pomeroy"); Village of Brookfield v. Pentis, 101 F.2d 516, 520 (7th. Cir. 1939).

Humboldt County implies that between 1954 and 1991 the interest earned on Golconda's tax funds was used to reimburse Humboldt County for the auditing and accounting services that were necessary to manage Golconda's account. As a trustee, Humboldt County was entitled to reimbursement for the reasonable costs of managing the trust. Pomeroy at § 1085. However, to arbitrarily imply that the cost of Humboldt County's services between 1954 and 1991 is equal to the interest earned on Golconda's tax funds during those years is not congruent with Humboldt County's fiduciary duties as a trustee. Accordingly, an accounting is necessary to determine Humboldt County's actual

---

[3]Pursuant to NRS 474.200(3):

> 3. *When the [fire district assessment] is collected it must be placed in the treasury of the county* in which the greater portion of the district is located, to the credit of the current expense fund of the district, and *may be used only for the purpose for which it was raised.*

(Emphasis added.)

trustee expenses and the actual interest earned on Golconda's tax funds between 1954 and 1991. *See* Prange v. City of Marion, 48 N.E.2d 980 (Ill. App. Ct. 1943).

## CONCLUSION

We conclude that Humboldt County's decision to credit interest earned on Golconda's tax proceeds to the county's general fund was not a discretionary act or immune from suit. Also, we conclude that an accounting is necessary to determine Humboldt County's actual trustee expenses and the actual interest earned on Golconda's tax funds between 1954 and 1991. Accordingly, we reverse the district court's order dismissing Golconda's complaint and remand this case for an accounting.